IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBRA NAPIER,<br>　　　　　Plaintiff | : | |
| | : | |
| | : | |
| 　　　v. | : | Case No.   1:10-CV-02511 |
| | : | |
| COUNTY OF SNYDER, | : | |
| PENNSYLVANIA, | : | |
| COMMISSIONERS OF SNYDER | : | Honorable Sylvia H. Rambo |
| COUNTY JOSEPH E. KANTZ, | : | |
| MALCOLM L. DERK, III, and | : | |
| RICHARD W. BICKHART, in | : | |
| their official capacity and as | : | |
| Individuals, | : | |
| 　　　　　Defendants | : | JURY TRIAL DEMANDED |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Lori K. Serratelli, Esquire
Attorney ID No. 27426
SERRATELLI, SCHIFFMAN
　　& BROWN, PC
2080 Linglestown Road
Suite 201
Harrisburg, PA  17110
(717) 540-9170
lserratelli@ssbc-law.com
Attorney for Plaintiff

# TABLE OF CONTENTS

Table of Citations…………………………………………….. ii

FACTUAL AND PROCEDURAL STATEMENT……………….. 1

STANDARD OF REVIEW…………………………………… 3

RELEVANT FACTUAL HISTORY…………………………… 4

ARGUMENT……………………………………………….. 9

    A.    Plaintiff Is Entitled To Offer Evidence Of Actions
            Outside the Applicable Limitations Periods In
            Support Of Her Discrimination Claims Under the
            ADEA and PHRA Pursuant To the Continuing
            Violation Doctrine………………………………… 9

    B.    Plaintiff Has Alleged Sufficient Facts To
            Demonstrate the Grounds Of Her Entitlement To
            Relief and Is Entitled To Present Evidence Of
            a Causal Connection Between Her Protected
            Activity and the Adverse Employment Actions……. 19

CONCLUSION……………………………………………... 23

# TABLE OF CITATIONS

## Citations

Baird v. Outlook Pointe, 2008 U.S. Dist. LEXIS 71458
    (Sept. 17, 2008)............................................... 16

Baldassare v. State of New Jersey, 250 F.3s 188,
    195-96 (3d Cir. 2001)........................................ 20

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)....... 9

Berry v. Board of Supervisors of La. State Univ.,
    715 F.2d 971, 981 (5th Cir. 1983)............................. 12

Cameron v. Montgomery County Child Welfare Service,
    471 F. Supp. 761, 763 (D.C. Pa. 1979)....................... 3, 9

Conley v. Gibson, 355 U.S. 41 (1957)............................... 3

Corbett v. Morgenstern, et. al., 934 F.Supp. 680, 682
    (E.D. Pa. 1996).................................................. 3

Ferrell v. Harvard Industries, 2001 WL 1301461,
    At 5 (E.D. Pa.).................................................. 18

Fieni v. Pocopson Home, 1997 WL 220280 (E.D. Pa.)........... 16

Heintz v. Fayette County Area Vocational Technical School,
    2009 WL 1362044 (W.D. Pa.)................................. 18

Hishon v. King & Spalding, 467 U.S. 69, 73, (1984).............. 22

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410,
    1420 (3d Cir. 1997)............................................ 4

McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006)................. 22

National Railroad Passenger Corporation v. Morgan,
    536 U.S. 101 (2002)........................................... 10, 11

O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006)..   10, 11,
14, 15

Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)....   19

Preston v. Bell Atlantic Network Services, Inc., 1997 WL
    29853 (E.D. Pa.)...............................................   17

Rush v. Scott Specialty Gases, Inc., 113 F.3d 476
    (3d Cir. 1997)................................................   11, 12

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)......................   3, 9

Shingara v. Skiles, 2007 WL 210800, at 7 (M.D. Pa.)..............   22

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)..........   22

West v. Philadelphia Electric Co., 45 F.3d 744, 754
    (3d Cir. 1995)................................................   11

Yeager v. UPMC Horizon, 698 F. Supp. 2d 523
    (W.D. Pa. 2010)...............................................   11

## Statutes

42 U.S.C. §1983.................................................   1, 2

Age Discrimination in Employment Act
    29 U.S.C. §621, *et. seq*...................................   1, 2, 9, 10,
11, 12

Age Discrimination in Employment Act
    29 U.S.C. §626(d)(2)........................................   10

Family Medical Leave Act U.S.C. §2601, et. seq...................   7, 14

Fed. R. Civ. P. 12(b)(6).........................................   3, 9, 16, 22

Pennsylvania Human Relations Act
     43 P.S. §951 et. seq. ………………………………….…...    2, 9, 10,
                                                                          11, 12

Pennsylvania Human Relations Act
     43 P.S. §959……………………………………………..    10

Pennsylvania Political Subdivision Tort Claims Act
     42 Pa. C.S. §8541……………..…………………………    2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KIMBRA NAPIER,                          :
                      Plaintiff          :
                                         :
            v.                           :   Case No.   1:10-CV-02511
                                         :
COUNTY OF SNYDER,                        :
PENNSYLVANIA,                            :
COMMISSIONERS OF SNYDER                  :   Honorable Sylvia H. Rambo
COUNTY JOSEPH E. KANTZ,                  :
MALCOLM L. DERK, III, and                :
RICHARD W. BICKHART, in                  :
their official capacity and as           :
Individuals,                             :
                      Defendants         :   JURY TRIAL DEMANDED


## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

## I. FACTUAL AND PROCEDURAL STATEMENT

Plaintiff Kimbra Napier ("Plaintiff") files the instant action for damages based on discrimination against her because of her age by Defendant County of Snyder, Pennsylvania's ("hereinafter referred to as "Snyder County"), in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, in that Defendant Snyder County would not have altered the terms and conditions of her employment and constructively terminated Plaintiff's employment but for her age.  Further, Plaintiff files this action under 42 U.S.C.

§1983 against Defendant Snyder County and against Defendant's Commissioners Joseph E. Kantz, Malcolm L. Derk, III and Richard W. Bickhart, individually and in their official capacity acting under color of state law in a manner to deprive Plaintiff of her federally protected right of free speech as guaranteed by the US Constitution.    The instant action further comprises a pendent state claim for violation of the Pennsylvania Human Relations Act, 43 P.S. §951 et. seq.

On February 4, 2011, Defendants served Plaintiff with a Motion to Dismiss Plaintiff's Complaint on the basis that Plaintiff's claims pursuant to the ADEA and PHRA were time-barred; the common-law wrongful discharge claim was barred by the Pennsylvania Political Subdivision Tort Claims Act 42 Pa. C.S. §8541; and that no causal connection was alleged between any protected activity and an adverse employment action with respect to the First Amendment retaliation claim.

In response to Defendants' Motion to Dismiss, Plaintiff filed an Amended Complaint on February 17, 2011, whereby Plaintiff withdrew the common-law claim for wrongful discharge and added various allegations of fact in support of her other claims.[1]   Defendants filed an amended Motion to Dismiss Plaintiff's Amended Complaint on the basis that Plaintiff's claims pursuant to the ADEA and PHRA are time-barred and that no causal connection has been alleged between any

---

[1] The additional allegations included in the Amended Complaint are highlighted for the Court's reference in Exhibit A attached hereto.

protected activity and an adverse employment action with respect to the First Amendment retaliation claim.   Plaintiff submits this Brief in Opposition to Defendants' Motion.[2]

The issue before this Honorable Court is whether Plaintiff is entitled to offer evidence in support of the claims set forth in the Amended Complaint, and not whether Plaintiff will ultimately prevail.   Cameron v. Montgomery County Child Welfare Service, 471 F.Supp. 761, 763 (D.C. Pa. 1979) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## II. STANDARD OF REVIEW

In ruling upon a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6), the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in favor of the pleader, and views the pleading in the light most favorable to the non-moving party.   Corbett v. Morgenstern, et al., 934 F.Supp. 680, 682 (E.D.Pa. 1996).   A claim will only be dismissed under 12(b)(6) if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief.   Conley v. Gibson, 355 U.S. 41 (1957).   A claim will not be dismissed merely because the pleader will ultimately

---

[2] It is noted that Plaintiff is concurrently filing with this Brief a motion seeking this Court's permission to file a Second Amended Complaint.

not prevail at trial. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997).

## III. RELEVANT FACTUAL HISTORY

Plaintiff was appointed by the Snyder County Commissioners as Chief Assessor for Defendant County on August 19, 2002. Amended Complaint ¶ 10.

During the Spring of 2007, Plaintiff became aware that real estate taxes were not being assessed on an uninhabited farmhouse that had been removed from the County tax rolls by Plaintiff's predecessor.    Upon investigation, Plaintiff determined the structure was not exempt from real estate tax, and that the County Prothonotary, Teresa Berger, was the owner of the property.   Plaintiff took action to return Berger's property to the tax rolls.   Amended Complaint ¶98.

Prothonotary Berger placed a paid advertisement in The Daily Item and also bought radio air time condemning Plaintiff's actions.   On October 18, 2007, Plaintiff wrote a letter to the editor of The Daily Item defending her actions regarding the Berger property.   Amended Complaint ¶¶ 102, 103.

In November of 2007, Commissioners Bailey and Bilger were defeated in their bids for re-election by Joseph E. Kantz and Malcolm L. Derk III, who began their terms as Commissioners in January of 2008.   Amended Complaint ¶ 15. Commissioner Kantz was 36 years old when he took office, and Commissioner

Derk was 25. Amended Complaint ¶ ¶ 16-17. After Commissioners Kantz and Derk took office, the Defendant County by and through said Commissioners engaged in a focused effort to force Plaintiff from her position as Chief Assessor. Amended Complaint ¶ 18.

In February of 2008, Commissioner Derk undermined Plaintiff's authority with respect to one of Plaintiff's subordinates against whom Plaintiff attempted to take official disciplinary action against. Derk failed to follow set protocols for such a disciplinary action, and advised the individual that Plaintiff's attempted disciplinary action would be ignored. Amended Complaint ¶ 19.

In March of 2008, the Commissioners filed a frivolous and unjustified written disciplinary grievance against Plaintiff, alleging she violated County email policies by sending an email to a non-County employee. Amended Complaint ¶ 20-21. The email in question was work-related and was sent to the office of the school district solicitor. Amended Complaint ¶ 22. The Commissioners were aware that Plaintiff's past practice was to correspond with various non-County employees and offices in the course of her employment via email and had never objected to such emails. Amended Complaint ¶ 32. In addition, the Commissioners had encouraged the use of email over traditional U.S. mail. Amended Complaint ¶ 33. Nevertheless, the Commissioners instituted a disciplinary action against Plaintiff alleging she was in violation of County email

policies based on her email to the office of the school district solicitor. Amended Complaint ¶ 33. Plaintiff appealed said disciplinary action, and Defendant County ultimately rescinded the frivolous action against Plaintiff at the April 15, 2008 Commissioner's Meeting. Amended Complaint ¶ 34-35.

In a further effort to force Plaintiff out of her position, Commissioner Derk advised Plaintiff in January of 2009 that the Salary Board had voted to cut her weekly hours from 40 to 37.5. Plaintiff was earning $21.94 per hour or $45,635 based on a 40 hour week. The reduced hours reduced her salary to $42,783 for a $2,852.20 annual reduction. Amended Complaint ¶ 47. Plaintiff was the only County employee whose hours were reduced at that time. Amended Complaint ¶ 48.

On May 19, 2009, the Defendant Snyder County informed Plaintiff that she was being demoted, effective May 20, 2009, from Chief Assessor to the position of Field Assessor, and that an individual named Wendy K. Cook, whom Plaintiff had previously supervised, would replace her as Acting Chief Assessor. Plaintiff was reclassified as a non-supervisory, hourly employee with a wage reduction from $21.94 per hour to $18.11 per hour, or $35,315 annually. Amended Complaint ¶ 53.

Plaintiff reported to work on May 20, 21 and 22, 2009 to the Assessor's Office to finish up pending matters and to prepare other matters to turn over to Wendy Cook. Amended Complaint ¶ 54. Plaintiff attempted to maintain a calm demeanor, but suffered a severe panic attack and called Geisinger Health Systems for an appointment. Amended Complaint ¶ 55. Plaintiff worked May 26, 2009 and then took off on May 27, 2009 to see her family physician, who prescribed medication for Plaintiff and instructed her to begin treatment with a psychologist and to take sick leave commencing May 28, 2009. Amended Complaint ¶ 56. Plaintiff applied for coverage under the Family Medical Leave Act ("FMLA") 29 U.S.C. §2601, *et. seq.* on May 27, 2009, which Defendant Snyder County initially approved on June 4, 2009 and was extended by Plaintiff's treating physician. Amended Complaint ¶ 63.

Plaintiff remained on leave under the FMLA until August 27, 2009 when Defendant advised her that she had exhausted her FMLA leave. Amended Complaint ¶ 64. Plaintiff's physician and psychologist would not approve her return to work for Defendant Snyder County after her FMLA benefits expired due to the conditions created by Defendant Snyder County's hostile and demoralizing treatment of Plaintiff, Defendant's appointment of Ms. Cook as Acting Chief Assessor, and Defendant's demotion of Plaintiff to Field Assessor. Amended Complaint ¶ 65. Defendant Snyder County's actions had a traumatic psychological

effect on Plaintiff, which amounted to a constructive discharge of Plaintiff by August 31, 2009 when Plaintiff was not able to return to her employment as Chief Assessor due to Defendants' appointment of Wendy Cook in Plaintiff's place. Amended Complaint ¶ 66.   Further, Plaintiff's psychologist advised her that working in the position of Field Assessor under the direction of her previous subordinate, Wendy Cook, would re-traumatize her psychologically.   Id. Defendant Snyder County constructively discharged Plaintiff on August 31, 2009 by discontinuing any further pay or benefits to her.  Amended Complaint ¶ 67.

Wendy Cook, who was born in 1973, was 35 at the time she was appointed Acting Chief Assessor.   Amended Complaint ¶ 57.   Plaintiff had superior managerial skills, experience and training to that of Ms. Cook.   Amended Complaint ¶ 59.

After her discharge, Plaintiff applied for unemployment compensation benefits, and on March 30, 2010 the Unemployment Compensation Board of Review sustained the Referee's determination that Claimant was physically or emotionally unable to work at the Assessor's Office in the demoted position of Field Assessor and did not voluntarily resign her position.  Amended Complaint ¶ 68.  Plaintiff has received no payroll statements from Defendants since August 26, 2009 nor any W-2 statement for tax year 2010.  Amended Complaint ¶ 69.

## IV.   ARGUMENT

The United States Supreme Court has stated the following standard with respect to a motion to dismiss filed under the Federal Rules of Civil Procedure:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level ... on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)....

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted) (emphasis in original).   Accepting all allegations in the Amended Complaint as true, Plaintiff has met the foregoing threshold standard as she has demonstrated the grounds of her entitlement to relief with regard to her age discrimination claims and her First Amendment claim, as discussed in greater detail, *infra*.

### A. Plaintiff Is Entitled To Offer Evidence Of Actions Outside the Applicable Limitations Periods In Support Of Her Discrimination Claims Under the ADEA and PHRA Pursuant To the Continuing Violation Doctrine

The issue presently before this Honorable Court is whether Plaintiff is entitled to offer evidence in support of the claims set forth in the Amended Complaint, and not whether Plaintiff will ultimately prevail. See, e.g. Cameron v. Montgomery County Child Welfare Service, Id. (citing Scheuer v. Rhodes, Id.) (In

ruling on motion to dismiss issue is not whether plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims).   In their Motion to Dismiss and Brief in Support, Defendants argue Plaintiff's ADEA and PHRA claims relating to the disciplines and reductions in her hours and her PHRA claims as to her demotion in May of 2009 are time-barred and should be dismissed.

The PHRA states, "Any complaint filed pursuant to this section must be so filed within one hundred eighty days after the alleged act of discrimination...." 43 P.S. § 959.   Federal law provides that where the discrimination occurs in a state that has enacted a law prohibiting age discrimination in employment, as Pennsylvania's PHRA, prior to commencing an action under the ADEA, a potential claimant must first file a charge with the EEOC "within 300 days after the alleged unlawful practice occurred."   29 U.S.C. § 626(d)(2).   As set forth, *supra*, Plaintiff filed a Charge of Discrimination with the EEOC on February 10, 2010.   Therefore, the alleged unlawful act(s) of discrimination must have occurred on or after August 14, 2009 for purposes of the PHRA and on or after April 16, 2009 for purposes of the ADEA.

The courts have held, however, that an alleged act of discrimination may be either a discrete event or a continuing violation.   See generally, National Railroad Passenger Corporation, 536 U.S. 101 (2002); O'Connor v. City of Newark, 440

F.3d 125, 127 (3d Cir. 2006).  Discrete acts of discrimination are individually actionable and must be raised within applicable limitations period, while a continuing violation is established by acts that are not individually actionable but may be aggregated to support claim of discrimination so long as one of the allegedly discriminatory incidents occurs within the applicable limitations period. Morgan, at 113; O'Connor, at 127.  As such, the "continuing violation" doctrine operates as an equitable exception to the timely filing requirements of both the PHRA and the ADEA.  See e.g. West v. Philadelphia Electric Co., 45 F.3d 744, 754 (3d Cir. 1995) (continuing violation theory is equitable exception to timely filing requirement for discrimination claim and permits plaintiff to pursue claim for discriminatory conduct beginning prior to filing period if act is part of ongoing practice or pattern of discrimination); Yeager v. UPMC Horizon, 698 F.Supp.2d 523 (W.D. Pa. 2010) (continuing violation doctrine is equitable exception to timely filing requirement to claims under PHRA).

A proper invocation of the "continuing violation" doctrine depends upon satisfying two requirements:  (1) the occurrence of at least one discriminatory act within the statute of limitations period; and (2) the discrimination must be "more than the occurrence of isolated or sporadic acts of intentional discrimination"; that is, the acts must demonstrate a continuing pattern of discrimination.  West v. Philadelphia Electric Co., Id.  In Rush v. Scott Specialty Gases, Inc., 113 F.3d 476

(3d Cir.1997), the Third Circuit set forth the relevant factors for determining

whether a plaintiff has demonstrated a continuing violation:

> The first is subject matter. Do the alleged acts involve the same type
> of discrimination, tending to connect them in a continuing violation?
> The second is frequency. Are the alleged acts recurring ... or more in
> the nature of an isolated work assignment or employment decision?
> The third factor, perhaps of most importance, is degree of
> permanence. Does the act have the degree of permanence which
> should trigger an employee's awareness of and duty to assert his or
> her rights, or which should indicate to the employee that the continued
> existence of the adverse consequences of the act is to be expected
> without being dependent on a continuing intent to discriminate?

Id. at 482, *quoting* Berry v. Board of Supervisors of La. State Univ., 715 F.2d 971,

981 (5th Cir.1983) (internal citations omitted).

As stated in the Amended Complaint, Plaintiff's EEOC charge was received

by the EEOC on February 10, 2010.  Therefore, both her demotion on May 12,

2009 and her constructive discharge on August 31, 2009 fall within the 300-day

limitations period for purposes of the ADEA, and her constructive discharge in

August 2009 falls within the 180-day limitations period for the PHRA.  It is

Plaintiff's contention that Defendants' earlier acts of discrimination, beginning in

February 2008, are actionable as they may be aggregated under the continuing

violation theory.

Plaintiff's Amended Complaint alleges that beginning in February of 2008,

she was targeted because Defendants sought to force her from her position as Chief

Assessor and replace her with a younger individual. Amended Complaint ¶ 18-20. Plaintiff has alleged that between February of 2008 and August of 2009, Defendants decreased her pay and slashed her hours, demoted her, and ultimately discharged her with the goal of replacing her with someone younger. Amended Complaint ¶¶ 18-20, 47, 53, 67. Plaintiff has further alleged that Defendants undermined her authority, thus negating her managerial job duties, and that Defendants instituted a baseless disciplinary action against her in an attempt to intimidate her and for the purpose of forcing her from her position. Amended Complaint ¶ 18, 20, 43-44. The cited acts against Plaintiff involve the same type of discrimination, as such acts were all intended to drive Plaintiff from her position so that she could be replaced with a younger individual. Amended Complaint ¶¶ 19-20. As will be discussed, *infra*, none of the individual acts prior to Plaintiff's discharge in August of 2009 comprise a discrete act. The acts did not involve an isolated work assignment or employment decision, but rather an ongoing or recurring set of instances, which occurred over the span of approximately 18 months, culminating in Plaintiff's discharge in August of 2009.

With regard to the "permanence" factor set forth by the Third Circuit, none of the individual acts prior to Plaintiff's discharge in August of 2009 comprise a permanent, discrete act which should have triggered Plaintiff's awareness of and duty to assert her rights. In their Motion and Brief, Defendants argue that

Plaintiff's demotion in May 2009 is an action that is separate and discrete from the last act of discrimination in this case, i.e., Plaintiff's constructive discharge in August 2009.   Defendants further assert that both the act involving the discipline of a subordinate in February 2008 and the frivolous discipline against Plaintiff in March of 2008 are discrete acts which triggered Plaintiff's duty to assert her rights. In support of their argument in this regard, Defendants cite O'Connor v. City of Newark, Id., which stated the following non-exhaustive list of discrete acts for which the limitations period runs from the act: termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, wrongful accusation.

Despite Defendants assertion to the contrary, the Third Circuit did not include "demotion" in the above list of discrete acts from which the limitations period runs.   Moreover, Plaintiff's demotion to the Field Assessor position in May 2009 did not trigger her duty to assert her rights since it was not clear at the time of her demotion whether 35-year old Wendy Cook, who was only named as the Acting Chief Assessor at that time, would actually replace Plaintiff permanently. In light of the fact that immediately following her demotion, Plaintiff suffered medical and psychological reactions which resulted in her taking leave under the FMLA, Plaintiff was absent from work and it was not clear to Plaintiff whether Defendants intended to name Wendy Cook or some other individual as the

14

permanent Chief Assessor.  In addition, Plaintiff was engaged in negotiations with Defendants at that time, and was holding out hope that Defendants would restore Plaintiff to her post as Chief Assessor.  Plaintiff should be afforded the opportunity to present evidence to support her claims in this regard.

In their Brief, Defendants also baldly state that the February 2008 incident involving the discipline of Plaintiff's subordinate is also a discrete act pursuant to O'Connor.  Brief of Defendants at 7.  Defendants provide no support for their assertion in this regard, and do not indicate which category of the O'Connor list they contend such an act would fall within.  As Defendants cited actions—i.e., the undermining of Plaintiff's authority with respect to the formal discipline of her subordinate—is neither a termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, or wrongful accusation, it does not fall within the list of discrete acts set forth in O'Connor as Defendants contend, and their argument in this regard fails.

Although Defendants correctly state that the Third Circuit included "wrongful discipline" in the list of discrete acts set forth in O'Connor, the wrongful discipline instituted against Plaintiff in March 2008 did not trigger her duty to assert her rights because it was subsequently withdrawn by Defendants and did not result in a continued adverse employment consequence.  With no adverse employment action on record upon which to base a claim of discrimination,

Plaintiff's duty to assert her rights against Defendants was not triggered at that time.

Defendants also argue that a reduction in hours is a discrete act.  Brief of Defendants at 7.  Defendants contend that this Court has held that a reduction in hours is a discrete act, citing this Court's unpublished decision in <u>Baird v. Outlook Pointe,</u> 2008 U.S. Dist. LEXIS 71458 (Sept. 17, 2008).  It is initially noted that any discussion of a reduction in hours as a discrete act was mere dicta and was not, as Defendants contend, a part of this Court's holding in that case.  Furthermore, <u>Baird</u> is distinguishable from the instant case because the plaintiff in was not invoking the "continuing violation" theory or arguing that pre-limitations-period-acts should be considered by the Court.  Rather, the plaintiff's complaint sought damages for what she characterized as three discrete acts of alleged discrimination.  The problem arose with respect to plaintiff's attempt to assert fourth claim for retaliatory hostile work environment claim by simply aggregating the three acts that she had previously characterized as discrete for purposes of the first three claims.  <u>Baird</u> is further distinguished from the instant case on the basis that it involved a motion for summary judgment, rather than a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

In addition, a reduction in pay has been treated as one of several incidents constituting a continuing violation, rather than as a discrete act of discrimination.

Fieni v. Pocopson Home, 1997 WL 220280 (E.D.Pa.).   In Fieni, the plaintiff
alleged that the employer violated the Americans with Disabilities Act (ADA) and
discriminated against her by subjecting her work to greater scrutiny despite her
receipt of annual performance reviews indicating the employer was more than
satisfied with her performance, and by unilaterally reducing her compensation and
harassing her with regard to her requests for access to a handicapped parking
space.   Id.   The Fieni Court found that "none of the incidents taken separately
would likely constitute employment discrimination.   Instead, a study of all the
incidents together is needed to reveal the possibility of a more systematic policy to
discriminate against the plaintiff."   Id., at 4.   The court denied the employer's
motion to dismiss with respect to the plaintiff's ADA claim, holding that the
plaintiff could base her claim on incidents that occurred prior to the limitations
period under the continuing violation theory since at least one of the allegedly
discriminatory incidents—the decrease in pay—occurred within the limitations
period.

The courts have applied the continuing violation theory in a similar case
where several non-discrete incidents of alleged discrimination caused a discrete
event, i.e. the loss of the plaintiff's job.   In Preston v. Bell Atlantic Network
Services, Inc., 1997 WL 20853 (E.D.Pa.), the plaintiff alleged the employer
engaged in superior treatment of white employees.   The plaintiff's complaint

alleged only trivial acts of harassment, such as her superior's tendency to "snatch" papers out of her hand and knock his hands against the filing cabinets when walking past her desk, occurring prior to the limitations period.   The court nevertheless found that such allegations, when considered in concert with her ultimate termination from employment within the limitations period, and when viewed in the light most favorable to the plaintiff, were sufficient to invoke the continuing violation theory. Id., at 6.

In another case, the court denied an employer's motion for summary judgment as to the plaintiff's claims of quid pro quo harassment and retaliation based on the court's finding that the continuing violation theory applied, permitting consideration of discriminatory and retaliatory incidents that occurred outside the statutory period.   Ferrell v. Harvard Industries, 2001 WL 1301461, at 5 (E.D.Pa.). The plaintiff in that case alleged that while the defendant's harassment and retaliation culminated in October of 1997, the actions were part of an ongoing practice that began in March of that year when the plaintiff had first rejected her supervisor's advances.

The court denied the employer's motion for summary judgment as to the plaintiff's PHRA claim based on it application of the continuing violation theory in Heintz v. Fayette County Area Vocational Technical School, 2009 WL 1362044 (W.D. Pa.).   Heintz filed simultaneous complaints with the PHRC and EEOC

alleging gender discrimination. Heintz alleged that from October 2004 throughout 2005, she made numerous complaints to her supervisor regarding various incidents of sexual harassment by a male co-worker, and that when she complained, the supervisor himself subjected her to additional sexual harassment. Id. The court rejected the employer's request for summary judgment based on its claim that only those incidents that occurred within the limitations period were actionable. Id. The court ruled that, construing the evidence in favor of Heintz, the defendant's acts appeared connected in terms of subject matter, frequency, and degree of permanence, and thus the continuing violation theory applied. Id., at 7.

On a motion to dismiss for failure to state claim, courts must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008).

Plaintiff has met its burden under the foregoing standard with respect to the Amended Complaint, and Plaintiff should be granted the opportunity to present evidence in support of the claims asserted therein.

**B.  Plaintiff Has Alleged Sufficient Facts To Demonstrate the Grounds Of Her Entitlement To Relief and Is Entitled To Present Evidence Of a Causal Connection Between Her Protected Activity and the Adverse Employment Actions**

Plaintiff's Amended Complaint alleges that Defendants retaliated against her for her actions in returning certain property owned by the County Prothonotary to the tax rolls and in writing a letter to the editor of The Daily Item regarding the circumstances of her actions.   In their Motion to Dismiss and Brief in Support, Defendants assert Plaintiff's Amended Complaint does not meet the "substantial factor" or causation prong of the established three-step test for a First Amendment retaliation claim.   See, e.g. Baldassare v. State of New Jersey, 250 F.3d 188, 195-96 (3d Cir. 2001) (employee must show activity is protected and that protected activity was substantial factor in alleged retaliatory actions; employer may defeat claim by demonstrating same action would have occurred even in absence of protected conduct).

In support of their challenge, Defendants argue that the retaliatory conduct, which is alleged to have begun in February of 2008, cannot be connected to Plaintiff's editorial in The Daily Item, which was published several months earlier, in October 2007.

Plaintiff's Amended Complaint alleges that Commissioners Derk and Kantz, who are aligned with the County Prothonotary, retaliated against Plaintiff for her actions related to the Prothonotary's property and the editorial.   Although Plaintiff's editorial was published in October 2007 and the retaliation did not begin until February 2008, it is noted that her editorial was written only two to three

weeks prior to the November 2007 election, when Commissioners Derk and Kantz were elected. As Derk and Kantz did not begin their terms as Commissioners until January of 2008, they did not have the opportunity to engage in the retaliatory acts against Plaintiff until that time.

Defendants next argue that neither the February 2008 incident involving Plaintiff's attempts to discipline a subordinate employee, the March 2008 incident involving a frivolous disciplinary action against Plaintiff, nor the December 2008 actions cited in Plaintiff's Amended Complaint constitute adverse employment actions. Plaintiff's Amended Complaint alleges that in December of 2008, Defendants took actions to hamper her ability to successfully perform her job duties by intentionally delaying responses to her requests for additional staffing, and by initially refusing to provide sufficient additional compensatory or overtime hours or temporary staffing even though doing so was customary when the Assessment Office was processing Homestead Farmstead Applications.

Plaintiff need not establish, however, that each of these instances amounted to an adverse employment action. The Third Circuit has stated that in certain circumstances, a public employee may bring a cause of action alleging a violation of his or her First Amendment rights by a pattern of retaliatory harassment "even if he or she cannot prove that the alleged retaliation adversely affected the terms of

his or her employment." <u>McKee v. Hart</u>, 436 F.3d 165, 170 (3d Cir. 2006);
<u>Shingara v. Skiles</u>, 2007 WL 210800, at 7 (M.D.Pa.).

Defendants do not dispute that Plaintiff's allegations with respect to the reduction in her hours, her demotion, and her discharge represent adverse employment actions upon which her First Amendment retaliation claim may be based.   Defendants argue, however, that Plaintiff has failed to set forth any allegations or facts indicating that such adverse employment actions were causally connected to her protected speech.

Again it is noted that in ruling upon a motion to dismiss, a court may dismiss a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 514 (2002) (citing <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, (1984)).   Accepting the allegations in the Amended Complaint as true and construing the Amended Complaint in the light most favorable to Plaintiff, Plaintiff has alleged sufficient facts from which a trier of fact could, under a reasonable reading of the complaint, infer causation.   The Amended Complaint alleges that Plaintiff's exercise of her federally protected right to freedom of speech was a substantial factor in Defendants course of conduct against her, which ultimately resulted in her discharge.   Nothing more is required to survive Defendants Motion to Dismiss pursuant to Rule 12(b)(6).

## V. CONCLUSION

Therefore, for all of the foregoing reasons and authority of law, Defendants'

Motion to Dismiss the Amended Complaint should be denied.

Respectfully submitted,

Lori K. Serratelli, Esquire
**SERRATELLI, SCHIFFMAN
& BROWN, PC**
2080 Linglestown Road, Suite 201
Harrisburg, PA  17110
(717) 540-9170   (717) 540-5481 fax
lserratelli@ssbc-law.com
Attorney for Plaintiff

23

## CERTIFICATE OF SERVICE

I, Lori K. Serratelli, Esquire, do hereby certify that on the 11th day of March, 2011 a true and correct copy of the foregoing document was served via the Electronic Case Filing system, upon the following:

David Schwalm, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
PO Box 999
Harrisburg, PA  17108-0999

Crystal H. Clark, Esquire
Thomas, Thomas & Hafer, LLP
305 North Front Street
PO Box 999
Harrisburg, PA  17108-0999

Lori K. Serratelli, Esquire
**SERRATELLI, SCHIFFMAN**
**& BROWN, PC**
2080 Linglestown Road, Suite 201
Harrisburg, PA  17110
(717) 540-9170   (717) 540-5481 fax
Attorney for Plaintiff